## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Bankruptcy No. 16-00774-lmj11 |
| WILLMAN CONSTRUCTION, INC., ) | |
| ) | **UNITED STATES TRUSTEE'S MOTION** |
| Debtor. ) | **TO CONVERT CASE TO CHAPTER 7** |

The United States Trustee for Region 12, through the undersigned Trial Attorney, hereby moves the Court to convert the above chapter 11 case to chapter 7. In support of said Motion the United States Trustee ("UST") alleges as follows:

1. Debtor filed a voluntary petition under Chapter 11 on April 15, 2016. Debtor's owners and principals are Mark Willman and Ellen Willman. Mark Willman signed the Schedules and Statement of Financial Affairs ("SOFA") on behalf of Debtor.

2. On its Petition Debtor marked the box indicating that it was a small business as defined by 11 U.S.C. § 101(51D). The UST appointed an unsecured creditor's committee hereby negating Debtor's choice of small business designation.

3. The UST conducted an initial interview of Debtor on May 4, 2016. Debtor's first meeting of creditors pursuant to 11 U.S.C. § 341 was conducted on May 12, 2016. Mark Willman and Ellen Willman appeared on behalf of Debtor for the interview and meeting of creditors. Prior to the meetings, the UST was provided Debtor's Initial Financial Report which consisted primarily of income statements and balance sheets covering the end of 2015 and first quarter of 2016, and insurance information. Until recently, Debtor had not provided copies of bank statements.

4. The financial statements were replete with material discrepancies rendering it impossible for the UST to evaluate the financial condition of Debtor. Mark and Ellen were further not able to adequately explain the accounting errors when addressed in turn. During the meeting of creditors, the Willmans expressed an ongoing effort to secure the employment of an accountant and Debtor's intent to revise and obtain more accurate financials. The UST has yet to receive same.

5. On June 2, 2016, the UST received complete copies of Debtor's bank statements. The statements evidence a number of questionable transactions totaling over $85,000, including, without limitation:

    a. $42,897.27 in counter cash withdrawals in January 2016 from Debtor's US Bank account.

    b. $11,000 in checks written to Willman Construction in January 2016 from Debtor's US Bank account.

    c. $7,950.49 in checks written from Debtor's US Bank account to Family Credit Union between January and February 2016 regarding an apparent personal loan obligation of Mark Willman and/or Ellen Willman.

    d. $10,761.66 in checks written from Debtor's US Bank account to "WORKERS TRI-STATE WELFARE FUND" in February 2016. Tri-State Construction is a separate entity owned by Mark Willman. In the year prior to filing, due to failure to meet various union benefit obligations, Debtor began subcontracting its carpentry work to Tri-State. Several union carpenter workers that used to work for Debtor left the union and began to work independently for Tri-State.

    e. $8,000 in counter cash withdrawals from Debtor's US Bank account on April 13, 2016, two days prior to filing.

    f. A $5,000 counter cash withdrawal from Debtor's US Bank account on April 20, 2016, subsequent to filing.

6. As previously indicated, the financial reports currently in the UST's possession are so deficient so as to render them ineffectual. Likewise, they fail to substantiate the transactions identified herein in Paragraph 5 a-f.

7. Pursuant to 11 U.S.C. § 1112(b), the court may, after notice and a hearing, dismiss a case or may convert a case to chapter 7 if to do so would be in the best interest of creditors and the estate. The

reasons for conversion, as they are applicable to this case and set forth in Section 1112(b)(4), include the following:

    a. substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    b. gross mismanagement of the estate;

    c. unauthorized use of cash collateral substantially harmful to one or more creditors;

8. The initial burden is on the movant to establish by a preponderance of the evidence its position that cause exists for either conversion or dismissal of the Chapter 11 case, whichever is in the best interests of creditors and the estate. See Alan N. Resnick & Henry J. Sommer, *7 Collier on Bankruptcy* ¶ 1112.04[4] (16th ed. 2011). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." *Id*. However, once the movant establishes "cause", the burden shifts to the debtor to demonstrate by evidence the "unusual circumstances" that establish dismissal or conversion to chapter 7 is not in the best interests of the creditors and the estate. *Id.* at ¶ 1112.05[1].

9. The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. See *id*.; *In re Gilroy*, 2008 WL 4531982, 2008 Bankr.Lexis 3968. The unusual circumstances should relate to conditions that are not common in chapter 11 cases that explain why a plan is reasonably likely to be confirmed within a reasonable period of time. *Fidelity Deposit & Discount Bank v. Domiano (In re Domiano)*, 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010) ("unusual circumstances require a showing that there is a reasonable likelihood that a chapter 11 plan will be confirmed within a reasonable period of time").

10. If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2) analysis to determine whether the Chapter 11 case is dismissed or converted, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The Court's discretion to dismiss or convert a Chapter 11 case is limited if cause is established. See *Gilroy v. Ameriquest Mortg. Co. (In re Gilroy)*, 2008 Bankr.Lexis 3968, 2008 WL 4531982 (1st Cir. BAP 2008);

*AmeriCERT, Inc. v. Straight Through Processing, Inc*. (*In re AmeriCERT, Inc.*), 360 B.R. 398, 401 (Bankr. D. N.H. 2007) ("Prior to its amendment, the statute provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances.").

11.   However, in determining whether dismissal or conversion is appropriate, the legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion . . . to make an appropriate disposition of the case" and "to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." *In re De Jounghe*, 334 B.R. at 770, citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 406, reprinted in 1978 U.S.C.C.A.N. 5963, 6361–62.

12.   The transactions as set forth in Paragraph 5 a-f are indicative of preferential payments to the benefit of Debtor's insiders and to the detriment of Debtor's creditors.  The identified payments and/or transfers occurred primarily within ninety days prior to filing and are not reflected in Debtor's Schedules or SOFA.  Such mismanagement and diminution of company funds warrants cause for conversion to chapter 7.

13.   Conversion will allow the chapter 7 trustee to investigate preferences and voidable transfers. It would also allow the trustee to identify assets from which to satisfy Debtor's obligations.  At the very least, Debtor must be required to appear and establish, in addition to a reasonable likelihood of plan confirmation, that a reasonable justification exists, and that the payments or withdrawals will be cured within a reasonable period of time as directed by the Court.  11 U.S.C. § 1112(b)(2)(a) & (b).

14.   The reasons for establishing "cause" enumerated in Section 1112(b) are not exclusive for conversion.  The Court may, in its discretion, find that other "cause" exists to convert a chapter 11 case.

15.   The United States Trustee has concerns regarding Debtor's chapter 11 case beyond those set forth above.  Over the course of the initial interview and meeting of creditors, it became apparent numerous amendments to Debtor's Schedules and SOFA would be necessary.  To date, Debtor's Schedules and SOFA have not been amended to reflect the following omissions:

    a. Schedule B: additional vehicles, trailers and other equipment owned by Debtor; and personal loans owed to Debtor by the Willmans.

    b. Schedule F: the omission of numerous liabilities identified in Debtor's financial reports. Debtor's liabilities as set forth on the schedules total approximately one million, whereas the financial statements would suggest a figure in excess of 1.5 million.

    c. SOFA: a number of payments to creditors and insiders within ninety days prior to filing and several transfers of property within the two years prior to filing, including many of those detailed in Paragraph 5 a-f.

WHEREFORE the United States Trustee respectfully requests the Court convert Debtor's chapter 11 bankruptcy, case no. 16-00774-lmj11, to chapter 7.

        **Daniel M. McDermott**,
        UNITED STATES TRUSTEE
        Region 12

        By:/s/ L. Ashley Zubal
           L. Ashley Zubal
           ID # IS9998256
           Federal Building, Room 793
           210 Walnut Street,
           Des Moines, IA  50309-2108
           Ph: (515)323-2269 / Fax: 284-4986
           Ashley.Zubal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that this document was sent to the parties shown below on June 3, 2016.

Parties receiving electronic service:

    Dale G. Haake        dhaake@katzlawfirm.com

    H J Dane             hjdane@hjdane.com

    Timothy M Feeney    tfeeney@mcfe-law.com

    Stephanie L Hinz     SHinz@pbalawfirm.com

    Douglas R Lindstrom  dlindstrom@l-wlaw.com

    John E. Waters       IDRBankruptcy@iowa.gov

Parties receiving hand or mailed service:

Willman Construction, Inc.
1129 W. 3rd Street
Davenport, IA 52802

See Attached List of Creditors.

                                      By:/s/ Shelly W. Fellner
                                          **Shelly W. Fellner**
                                          Legal Clerk
                                          United States Trustee's Office

                            Document      Page 7 of 10

```
Label Matrix for local noticing      Eljon Crane, Inc.                    (p)IOWA DEPARTMENT OF REVENUE
0863-3                               PO Box 4363                          ATTN BANKRUPTCY UNIT
Case 16-00774-lmj11                  Davenport, IA 52808-4363             PO BOX 10471
Southern District of Iowa                                                 DES MOINES IA 50306-0471
Davenport
Thu Jun  2 14:30:41 CDT 2016

United Construction Co.              Willman Construction, Inc.          Altorfer Inc.
c/o H. J. Dane                       1129 W. 3rd Street                  PO Box 1347
H. J. Dane Law Office                Davenport, IA 52802-3537            Cedar Rapids, IA 52406-1347
1111 E. River Drive
Davenport, IA 52803-5740


Art-O-Lite Electric                  BSI Constructors                    Board of Trustees of Carpenters
c/o Brad C. Williams                 6767 Southwest Ave                  Fringe Benefit Fund of Illinois
230 52nd Street                      Saint Louis, MO 63143-2623          c/o Timothy M Feeney
Moline, IL 61265-1714                                                    329 18th Street
                                                                         Rock Island, IL 61201-8715


Boyd Aluminum Manufacturing          Boyd Aluminum Mfg. Co.              Burnett Hardware
PO Box 1565                          c/o NCS                             226 East 48th Street
Springfield, MO 65801-1565           729 Miner Road                      Davenport, IA 52807
                                     Highland Heights, OH 44143-2117


Carpenters Funds of Illinois         Central Laborers' Pension Fund, et al.   Chicago Regional Council of Carpenters, Loca
28 North First Street                c/o John P. Leahy                       Gregory N. Freerksen, Whitfield McGann &
PO Box 791                           Cavanagh & O'Hara LLP                   111 E Wacker Drive, Suite 2600
Geneva, IL 60134-0791                2319 W. Jefferson Street                Chicago, IL 60601-4208
                                     Springfield, IL 62702-8000


Chicago Regional Counsel of Carperteners   Conley's Trucking, Inc.       Construction Industry Retirement Fund
c/o Gregory N. Freekrksen                  4376 Dawes Drive              of Rockford Illinois
111 East Wacker Drive, Suite 2600          Ames, IA 50010-4109           c/o Williams McCarthy
Chicago, IL 60601-4208                                                   PO Box 219
                                                                         Rockford, IL 61105-0219


Delta Dental                         Dollinger Massonry LLC              Double M Trucking
9000 Northpark Drive                 528 East Locust St.                 PO Box 158
Johnston, IA 50131-4817              Lanark, IL 61046-1128               Peru, IL 61354-0158


E.J. Cattani & Son, Inc.             Eljon Crane, Inc.                   FW Asphalt
PO Box 485                           PO Box 4636                         3712 24th Avenue
Ladd, IL 61329-0485                  Davenport, IA 52808-4636            Rock Island, IL 61201-5607


Fastenal Company                     Fleetmatics                         Ford Credit
PO Box 978                           PO Box 347472                       PO Box 790093
Winona, MN 55987-0978                Pittsburgh, PA 15251-4472           Saint Louis, MO 63179-0093


(p)FORD MOTOR CREDIT COMPANY         Forest Road Consulting, Inc.        Forms, Inc.
P O BOX 62180                        1826 Rockingham Road                PO Box 1064
COLORADO SPRINGS CO 80962-2180       Davenport, IA 52802-1826            Moline, IL 61266-1064
```

G&K Services
7813 Solution Center
Chicago, IL 60677-7008

Genesis Maintenance
299 Market Street, Suite 230
Saddle Brook, NJ 07663-5312

H. J. Dane
H. J. Dane Law Office
1111 E. River Drive
Davenport, IA 52803-5740

Hussmann
710 E. 59th Street
Davenport, IA 52807-2627

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664-0338

Intergrated Technologies
186 College Street, 4th Floor
Burlington, VT 05401-8371

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

International Union of Operating
Engineers
6200 Joliet Road
La Grange, IL 60525-3992

Iowa Mutual
PO Box 290
De Witt, IA 52742-0290

Iowa Mutual Accounts Receivable
PO Box 290
De Witt, IA 52742-0290

Iron Worker Mid-American Pension Fund
2350 E. 1700 Street
Lansing, IL 60438

Jack's Brake & Alignment
2160 W. River Drive
Davenport, IA 52802-2842

Jim Hawk Truck Trailers
900 West 76th Street
Davenport, IA 52806-1313

Johnson Contracting Co.
c/o Marcus Cooper
2750 Morton Drive
East Moline, IL 61244-1886

Katz Nowinski P.C.
1000 36th Avenue
Moline, IL 61265-7126

Laborers' Local Union No. 309
2835 7th Avenue
Rock Island, IL 61201-1916

Mark & Ellen Willman
11385 74th Avenue
Blue Grass, IA 52726-9652

Mark Willman & Ellen Willman
11385 74th Avenue
Blue Grass, IA 52726-9652

McCarthy Improvement Company
5401 Victoria Avenue
Davenport, IA 52807-3961

Mediacom
PO Box 5744
Palatine, IL 60094

MidAmerican Energy
PO Box 8020
Davenport, IA 52808-8020

Midwest Insulation Contractors Assoc
of Eastern IA & Western IL (Local 81)
5000 J Street SW
Rm 201
Cedar Rapids, IA 52404-4915

Missman, Inc.
1011 27th Avenue
PO Box 6040
Rock Island, IL 61204-6040

Missman,Inc.
4500 Black Hawk Commons Drive
P.O. Box 6040
Rock Island, IL 61204-6040

Modern Piping
500 North Walford Road
Cedar Rapids, IA 52404-8921

Mohr Enterprises
3549 State Street
Bettendorf, IA 52722-6434

Operating Plasterers & Cement Masons
Local 18 of Central Illinois
7909 42nd West
Rock Island, IL 61201-7301

Orkin Exterminating
PO Box 2351
Davenport, IA 52809-2351

PerMar Security Services
PO Box 1101
Davenport, IA 52805-1101

| | | |
|---|---|---|
| Permier Plaster and Drywall<br>3131 W. 76th Street, Suite 31<br>Davenport, IA 52806-2085 | Quad City Bank & Trust<br>4500 N. Brady Street, Ste 190<br>Davenport, IA 52806-4061 | RK Dixon<br>PO Box 85669<br>Minneapolis, MN 55485-6699 |
| RK Dixon<br>PO Box 856699<br>Minneapolis, MN 55485-6699 | Rexco Equipment, Inc.<br>13500 118th Avenue<br>Davenport, IA 52804-9290 | Robertson Manufacturing, Inc.<br>3020 Hickory Grove Road<br>Davenport, IA 52806-3331 |
| Rock Island Integrated Services<br>Attn: RIIS GM<br>Rock Island Arsenal<br>Rock Island, IL 61299-7680 | Ryan & Associates Inc.<br>10955 160th Street<br>Davenport, IA 52804-9166 | Sheriff Kevin W. Turner<br>Jo Daviess County<br>330 N. Bench Street<br>Galena, IL 61036-1827 |
| Shive Hattery<br>1701 River Drive, Suite 200<br>Moline, IL 61265-1384 | Spahn & Rose Lumber Co.<br>250 Harrison Street<br>PO Box 149<br>Dubuque, IA 52004-0149 | State Farm Insurance<br>222 South 84th Street<br>PO Box 83106<br>Lincoln, NE 68501-3106 |
| Steve Campana<br>Honkamp Krueger & Co. PC<br>PO Box 699<br>Dubuque, IA 52004-0699 | The Board of Trustees of Carpenters<br>Fringe Benefit Fund of Illinois<br>c/o Timothy Feeney<br>329 18th Street<br>Rock Island, IL 61201-8715 | The Construction Industry Welfare Fund<br>c/o Troy E. Haggestad, Esq.<br>120 West State Street, Suite 400<br>Rockford, IL 61101-1159 |
| Thompson Trucking Inc<br>1878 205th Streeet<br>Muscatine, IA 52761-8787 | Thompson Trucking Inc.<br>1878 205th Street<br>Muscatine, IA 52761-8787 | Tri-State Construction Services Inc.<br>PO Box 218<br>Davenport, IA 52805-0218 |
| Tri-State Sprinkler<br>5570 Carey Avenue<br>Davenport, IA 52807-2637 | US Oil<br>Bettendorf Terminal<br>2925 Depot Street<br>Bettendorf, IA 52722-5264 | United Construction Co<br>PO Box 4408<br>Davenport, IA 52808-4408 |
| United Construction Co.<br>H. J. Dane<br>H. J. Dane Law Office<br>1111 E. River Drive<br>Davenport, IA 52803-5740 | United Healthcare<br>PO Box 88832<br>Chicago, IL 60695-1832 | United States Trustee<br>Federal Bldg, Room 793<br>210 Walnut Street<br>Des Moines, IA 50309-2115 |
| Universal Premier Fleet Card<br>PO Box 923928<br>Norcross, GA 30010-3928 | Verizon<br>PO Box 25505<br>Lehigh Valley, PA 18002-5505 | W. F. Scott Decorating, Inc.<br>c/o Brock Aunan<br>2201 3rd Avenue<br>Rock Island, IL 61201-8806 |
| Westbend Mutual Insurance<br>1900 S. 18th Avenue<br>West Bend, WI 53095-9791 | Western Structural Steel<br>3201 4th Avenue<br>Moline, IL 61265-1690 | Brad C. Williams<br>230 52nd Street<br>Moline, IL 61265-1714 |

Dale G Haake
1000 36th Ave
PO Box 950
Moline, IL 61266-0950

Gregory N. Freerksen
111 East Wacker Drive
Suite 2600
Chicago, IL 60601-4208

Timothy Feeney
329 18th Street
Rock Island, IL 61201-8715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Iowa Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 10471
Des Moines, IA 50306

Ford Motor Credit Company LLC
Dept. 55953
PO Box 55000
Detroit, MI  48255

(d)Ford Motor Credit Company LLC
Dept. 55953, P.O. Box 55000
Detroit, MI 48255

INTERNAL REVENUE SERVICE
INSOLVENCY
P O BOX 330500 STOP 15
DETROIT MI 48226

(d)Iowa Department of Revenue
Bankruptcy Section
PO Box 10471
Des Moines, IA 50306-0471


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Board of Trustees of Carpenters Fringe Ben

(u)Ford Motor Credit Company LLC

(u)Quad City Bank & Trust Company

(u)Robertson Manufacturing, Inc.

End of Label Matrix
Mailable recipients    92
Bypassed recipients     4
Total                  96