UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLMAN CONSTRUCTION, INC. | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | Case No. 16-00774 |

## OBJECTION TO DISCLOSURE STATEMENT

Now comes the Creditors, International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"); Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF") and hereby submit an objection to the Disclosure Statement filed by Debtor.

1. On August 22, 2016, the Debtor filed a Disclosure Statement, and Exhibit 1 of the Disclosure Statement is a Plan of Reorganization (*cf.* ECF #102; ECF #103).[1] In its Disclosure Statement, Debtor states that while the Disclosure Statement is designed to provide "ADEQUATE information," the Plan shall be controlling (ECF #102).

2. In the Plan, the Funds and the Union have priority unsecured claims that are identified as "Unimpaired" (ECF #103 at Page 3). The Plan describes the treatment of such claims as follows:

> Paid in full over 60 months from effective date of Plan at 3.25% per annum; payments to be made quarterly, first payment due by end of quarter beginning with the quarter ending during the effective date of the Plan.

---

[1] Where Plaintiffs make reference to "ECF," Plaintiffs refer to a document in the Court's Electronic Case Filing system. When that is the case, Plaintiffs shall utilize either a paragraph number or the ECF page number (not the ECF "PageID") for pinpoint citations.

The Funds and the Union also have non-priority unsecured claims that are presumably among the General Unsecured claims identified as "Impaired" in the Disclosure Statement (ECF #103 at Page 4). The Plan describes the treatment of such claims as follows:

> Paid in full over 60 months from effective date of Plan at 3.25% per annum; payments to be made quarterly, first payment due by end of quarter beginning with the second quarter ending during the effective date of the Plan.

The only difference between the two classes of claims is the word "second" in the description of the Impaired claim treatment.

    2.    The Debtor must file a written disclosure statement and a plan of reorganization. 11 U.S.C. §§ 1121, 1125. The disclosure statement must contain information sufficient to enable a creditor to make an informed judgment about the debtor's plan of reorganization. 11 U.S.C. § 1125. The plan of reorganization must include a classification of claims and must specify the treatment that the Debtor proposes to give each class of claims under the plan. 11 U.S.C. § 1123. In this case, the Debtor's description of the treatment of claims ("first payment due by end of quarter beginning with the quarter ending during the effective date of the Plan") is unintelligible. Moreover, it is not possible to determine what will be the treatment of Impaired claims, because those claims that are subject to "payment in full" and not identified as "Impaired" are supposed to receive treatment that is almost exactly the same as "Impaired" claims.

    3.    Additionally, the Disclosure Statement indicates that all administrative claims have been paid (ECF #102 at 8). That is inaccurate. Under the collective bargaining agreement between the Union and the Debtor, Debtor is supposed to submit reports and pay fringe benefit contributions and administrative dues no later than the 10th day of the month following the month when the hours were worked (Exhibit 1). Debtor's reports and payments for August 2016 were due on

September 10, 2016. As of the date of filing the Disclosure Statement, Debtor had not submitted its reports or payments for August, 2016.

4.  Because Debtor had not submitted its reports or payments for July or August, 2016, it also owes liquidated damages and interest in addition to the reports and payments (Exhibit 1). Debtor also owes interest and liquidated damages caused by its failure to timely submit reports and payments for the month of May, 2016 (Exhibit 1). Accordingly, the Disclosure Statement misrepresents the status of the payment of administrative claims and does not accurately inform Creditors about the Debtor's assets and liabilities.

5.  On September 6, 2016, Counsel for Creditors sent emails to Counsel for the Debtor regarding the above. On September 7, 2016, Counsel for Creditors prepared a letter and sent it as an email attachment to Counsel for Debtor. To date, Counsel for Creditors has received no response.

/s/ Samuel Z. Marks_____
Samuel Z. Marks  IS9998821
4225 University Avenue
Des Moines, Iowa 50311
Phone 515.276.7211
FAX  515.276.6280
ATTORNEY FOR CREDITOR
OPERATING ENGINEERS LOCAL 150 APPRENTICE FUND

## CERTIFICATE OF SERVICE:

By signing above, the attorney certifies that on the 16th day September, 2016, this document was filed electronically in the United States Bankruptcy Court, for the Southern District of Iowa. The parties listed below will receive notice electronically.

/s/ Kathy Andreas

United States Trustee

USTPRegion12.DM.ECF@usdoj.gov

L.Ashley.Zubal on behalf of U.S. Trustee United States Trustee

USTPRegion12.DM.ECF@usdoj.gov ashley.zubal@usdoj.gov

H J Dane on behalf of Creditor Eljon Crane, Inc.

hjdane@hjdane.com kayla@hjdane.com elizabeth@hjdane.com

HJ Dane on behalf of Creditor United Construction Co.

hjdane@hjdane.com kayla@hjdane.com elizabeth@hjdane.com

Timothy M Feeny on behalf of Creditor Board of Trustees of Carpenters Fringe Benefit Fund of Illinois

tfeny@mcfe-law.com pmoller@mcfe-law.com

Gregory N Freerksen on behalf of Creditor Chicago Regional Council of Carpenters local 4

gfreerksen@wmklaborlaw.com tkroll@wmklaborlaw.com

Dale G. Haake on behalf on Debtor Willman Construction, Inc.

dhaake@katzlawfirm.com vkennedy@katzlawfirm.com jcook@katzlawfirm.com

Stephanie L. Hinz on behalf of Creditor Ford Motor Credit Company, L.L.C.

SHinz@pbalawfirm.com dlatino@pbalawfirm.com

Douglas R. Lindstrom, Jr on behalf of Creditor Quad City Bank & Trust Company

dlindstrom@l-wlaw.com kdevoss@l-wlaw.com

Mark D. Walz on behalf of Creditor Central Laborers' Pension, Welfare & Annuity Funds

markwalz@davisbrownlaw.com markwalz@davisbrownlaw.com

John E. Waters on behalf of Creditor Iowa Department of Revenue

IDRBankruptcy@iowa.gov